| | |
|---|---|
| 1 | Jahan C. Sagafi (Cal. Bar No. 224887) |
| 2 | Kaelyn Mahar (Cal. Bar No. 338257)<br>**OUTTEN & GOLDEN LLP** |
| 3 | One California Street, 12th Floor<br>San Francisco, CA 94111 |
| 4 | Tel: (415) 638-8800<br>Fax: (415) 638-8810 |
| 5 | Email: jsagafi@outtengolden.com<br>Email: kmahar@outtengolden.com |
| 6 | Michael J. Scimone* |
| 7 | **OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor |
| 8 | New York, NY 10017<br>Telephone: (212) 245-1000 |
| 9 | Facsimile: (646) 509-2060<br>Email: mscimone@outtengolden.com |
| 10 | *Pro hac vice* motion forthcoming |
| 11 | *Attorneys for Plaintiff and the Proposed Class and Collective Members* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **Case No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sabrina Perez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Outten & Golden LLP, alleges as follows:

**INTRODUCTION**

1. Wells Fargo Bank, N.A. ("Wells Fargo") is a leading financial services company with approximately $1.9 trillion in assets. In the United States, it serves one in three households and more than 10% of small businesses, and is the leading middle-market banking provider.[1] Its principal place of business is in San Francisco, California.

2. Wells Fargo does not pay overtime to workers like Plaintiff, whom it employs in the title of Senior Premier Banker. But Wells Fargo has no valid basis to deny Senior Premier Bankers overtime, because their primary duties consist of work that is not exempt from overtime pay under federal and state laws.

3. Senior Premier Bankers provide customer service, conduct standard banking transactions, and generate business referrals to other Wells Fargo employees like Financial Advisors. They open and close standard retail banking accounts; review and approve transactions such as wire transfers; use prescribed criteria and automated tools to monitor client accounts for indicators of new and increased business among Wells Fargo clients with high net worth; and refer those clients to Wells Fargo financial advisors and others.

4. In performing these tasks, Senior Premier Bankers have little or no discretion. Instead, Wells Fargo has used computer software to automate parts of the Senior Premier Banker job that might involve human discretion. Senior Premier Bankers are now required to use software like Discover Needs, which provides them with scripted questions, and enter the customer's answers. Discover Needs then creates a list of possible products for the customer and provides required information that Senior Premier Bankers must share with customers explaining the differences between them. Senior Premier Bankers are required to use Discover Needs in ways that restricts any discretion or independent judgment they might otherwise exercise in speaking with Wells Fargo customers.

---

[1] Life at Wells Fargo, Wells Fargo (last visited on November 3, 2023) https://www.wellsfargojobs.com/en/life-at-wells-fargo/about-us/#:~:text=About%20Wells%20Fargo,leading%20middle%2Dmarket%20banking%20provider.

5. In addition to these nonexempt tasks, Wells Fargo saddles Senior Premier Bankers with additional nonexempt work that is not part of their standard primary job duties. These include banking transactions and customer service normally done by Tellers and Personal Bankers, but much of this work instead falls on Senior Premier Bankers because Wells Fargo systematically understaffs its branch locations. Senior Premier Bankers spend significant time performing these tasks, which forces them to work long hours, often in excess of 40 hours per workweek. But because Wells Fargo does not pay Senior Premier Bankers overtime, it evades the responsibility to pay for the overtime work it assigns.

6. While employed by Wells Fargo as a Senior Premier Banker, Plaintiff consistently worked more than 40 hours per workweek without receiving overtime pay for all the hours she worked. This lawsuit seeks to recover unpaid overtime pay and other damages for Plaintiff and similarly situated individuals who have worked as exempt-classified Senior Premier Bankers (and other variants of that title) at Wells Fargo's branches nationwide.

7. Plaintiff brings this action on behalf of herself and similarly situated employees as a collective action against Wells Fargo under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA")

8. Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who presently, or at any time since November 30, 2020, have worked for Wells Fargo in the United States as a Senior Premier Banker.

9. Plaintiff also brings this action against Wells Fargo on behalf of herself and similarly situated New Mexico employees who worked for Wells Fargo as a Fed. R. Civ. P. 23 class action under the New Mexico Minimum Wage Act.

**JURISDICTION & VENUE**

10. This Court has federal-question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

11. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

12. This Court has personal jurisdiction over Wells Fargo because this District is Wells Fargo's principal place of business and home to Wells Fargo's headquarters, such that the Court may exercise general jurisdiction over Wells Fargo.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Wells Fargo is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

15. Intradistrict assignment: Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco and Oakland Divisions is proper because Wells Fargo is headquartered in San Francisco County and a substantial part of the events that give rise to the claims asserted occurred in San Francisco County.

## THE PARTIES

*Plaintiff Sabrina Perez*

16. Plaintiff Perez is a resident of Bernalillo County, New Mexico.

17. Ms. Perez has been employed as a Senior Premier Banker by Wells Fargo in its 11199 Montgomery Boulevard NE, Albuquerque, New Mexico branch location since July 2023. Ms. Perez has been employed by Wells Fargo in various other job titles since December 2013.

18. At all times relevant to the Class and Collective Action Complaint, Ms. Perez was an "employee" within the meaning of all applicable statutes.

19. Ms. Perez regularly works more than 40 hours in a workweek but is not paid for all hours she works over 40. Illustratively, to the best of her recollection, during the week of July 10, 2023, Plaintiff worked approximately 43 hours without overtime compensation.

20. A written consent form signed by Plaintiff Perez is attached hereto as Exhibit A.

*Defendant*

21. Wells Fargo is a multi-national financial services provider with branch locations across the country.

22. Wells Fargo is a Delaware corporation with its principal place of business in San

Francisco, California.

23. Wells Fargo is a covered employer within the meaning of the FLSA.

24. Wells Fargo employed Plaintiff and other similarly situated current and former Senior Premier Bankers.

25. At all material times, Wells Fargo controlled and directed the terms of employment of Plaintiff and Collective Members, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

26. Upon information and belief, Wells Fargo applied the same employment policies, practices, and procedures described herein to all Senior Premier Bankers with respect to timekeeping and pay.

27. At all relevant times, Wells Fargo's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

28. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Wells Fargo as exempt-classified Senior Premier Bankers nationwide since November 30, 2020 and who elect to opt in to this action ("FLSA Collective").

29. Upon information and belief, there are hundreds of current and former Senior Premier Bankers who are similarly situated to Plaintiff and were denied overtime compensation.

30. Plaintiff is acting on behalf of Wells Fargo's current and former Senior Premier Bankers' interests as well as her own interests in bringing this action.

31. Wells Fargo has unlawfully required Plaintiff and other individuals employed as Senior Premier Bankers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked. Upon information and belief, Wells Fargo applied the same unlawful policies and practices to its Senior Premier Bankers nationwide.

32. The FLSA Collective members are readily identifiable and locatable through the use of Wells Fargo's records. The FLSA Collective should be notified of and allowed to opt in to

this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly permits such notice, the putative FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Wells Fargo.

## NEW MEXICO CLASS ALLEGATIONS

33. Plaintiff brings the Second Cause of Action, on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Senior Premier Bankers who are currently or have been employed by Wells Fargo in the State of New Mexico who were exempt classified at any time during the past three years through the entry of judgment in this case (hereinafter referred to as the "Class" and the "Class Period," respectively).

34. Wells Fargo's improper classification of Senior Premier Bankers, including Plaintiff, as overtime exempt is part of a continuing course of conduct.

35. Excluded from the New Mexico Class are Wells Fargo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Wells Fargo; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Mexico Class.

36. The persons in the New Mexico Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Wells Fargo.

37. Upon information and belief, the size of the New Mexico Class is at least 40 individuals.

38. The Second Cause of Action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3). Common questions of law and fact exist as to the New Mexico Class that predominate over any questions solely affecting individual members of the New Mexico Class, including but not limited to:

> A. Whether Wells Fargo has unlawfully failed to pay the New Mexico Class members all overtime compensation owed, in violation of the New Mexico

Minimum Wage Act;

    B. Whether Wells Fargo's act of classifying Senior Premier Bankers as exempt from overtime was correct, and the subsidiary questions of:

        1. Whether Senior Premier Bankers were paid on a salary basis;

        2. What Senior Premier Bankers' primary duties consist of;

        3. Whether Senior Premier Bankers' primary duties meet the criteria for any of the exemptions to the New Mexico Minimum Wage Act;

        4. Whether Wells Fargo's policy and practice of misclassifying Senior Premier Bankers has been willful;

        5. Whether Wells Fargo acted in good faith in deciding to classify Senior Premier Bankers as exempt from overtime;

    C. The nature and extent of the New Mexico Class members' injuries and the appropriate measure of their damages.

39. Plaintiff fairly and adequately protects the interests of the New Mexico Class and has no interests antagonistic to the class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

40. Further, Plaintiff and the New Mexico Class have been equally affected by Wells Fargo's failure to pay proper wages and other violations. Moreover, members of the New Mexico Class still employed by Wells Fargo may be reluctant to raise individual claims for fear of retaliation.

41. Wells Fargo has acted or refused to act on grounds generally applicable to the New Mexico Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42. Plaintiff's claims are typical of those of the New Mexico Class. Plaintiff and the other New Mexico Class members were subjected to Wells Fargo's policy of classifying Senior Premier Bankers as exempt from overtime, its failure to pay overtime wages, and its failure to keep adequate records of pay and hours worked.

43. A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Mexico Class have been damaged and are entitled to recovery as a result of Wells Fargo's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New Mexico Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Wells Fargo's practices.

## COMMON FACTUAL ALLEGATIONS

44.     Plaintiff and the members of the FLSA Collective and the New Mexico Class have been victims of Wells Fargo's common policy and plan that has violated their rights under the FLSA and the New Mexico Minimum Wage Act by requiring Senior Premier Bankers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked.  At all times relevant, Wells Fargo's unlawful policy and pattern or practice has been willful.

45.     Wells Fargo employs Senior Premier Bankers to handle routine banking transactions, monitor the accounts of the bank's high-net-worth clients, and refer those clients to financial advisors and other Wells Fargo employees.

46.     Senior Premier Bankers' primary duties consist of non-exempt work, specifically: handling routine transactions such as opening and closing savings and checking accounts, approving wire transfers, balancing the bank vault, and performing other duties similar to those performed by tellers; inputting loan applications for personal and small business (excluding for amounts over $100,000.00 or mortgages); and reviewing clients' accounts for cues to refer them to Wells Fargo's financial advisors.

47.     Specifically, Senior Premier Bankers have no discretion in the performance of their job duties.  To perform tasks such as opening savings and checking accounts, selling certificates of deposit, and applying for credit cards, Wells Fargo requires Senior Premier Bankers

to use an automated software tools that all but eliminate any discretion or independent judgment they might otherwise exercise.

48. For example, Senior Premier Bankers use the software Discover Needs by inputting the type of product the customer is looking for, for example, a savings account or credit card. Discover Needs then presents a series of questions that Senior Premier Bankers must ask customers. Senior Premier Bankers then enter the customer's response into the software.

49. After Senior Premier Bankers input all client responses into the Discover Needs software, Discover Needs presents product options with product information which the Senior Premier Banker will read to the customer.

50. Senior Premier Bankers are not allowed to recommend any one product from the list of options over another product.

51. Wells Fargo requires Senior Premier Bankers to use Discover Needs for every customer. For example, if a married couple seeks to open a new joint savings account, a Senior Premier Banker must complete the Discover Needs prompts for each customer even if their responses are the same.

52. Nonexempt classified employees, including Personal Bankers, also regularly use the Discover Needs tool as part of their job.

53. Wells Fargo generates a weekly report for each Senior Premier Banker showing whether they used the Discover Needs tool.

54. The duties of Plaintiff and Senior Premier Bankers do not fall under any of the exemptions from overtime under federal or state overtime laws.

55. Although Plaintiff and other Senior Premier Bankers are and were eligible to earn commissions based on various performance indicators, these commissions did not constitute most of their earnings.

56. Throughout their employment, Plaintiff and other Senior Premier Bankers consistently worked more than 40 hours per week.

57. Wells Fargo requires Senior Premier Bankers to perform additional nonexempt tasks over and above their primary duties listed above, such as being available to help walk-in

clients with routine tasks such as opening and closing accounts, approving wire transfers, and receiving loan applications.

58. Plaintiff and other Senior Premier Bankers work overtime hours to meet Wells Fargo's job requirements and attempt to achieve the high performance metrics Wells Fargo expects.

59. All of the work performed by Senior Premier Bankers was assigned by Wells Fargo, and Wells Fargo was aware that Plaintiff and other Senior Premier Bankers worked more than 40 hours per workweek, yet Wells Fargo failed to pay them any overtime compensation.

60. Wells Fargo did not keep accurate record of hours worked by Plaintiff and Senior Premier Bankers.

61. Upon information and belief, Wells Fargo has a policy and pattern or practice of requiring Plaintiff and other Senior Premier Bankers to work in excess of 40 hours per week, without proper overtime compensation.

62. Wells Fargo failed to pay Plaintiff and other Senior Premier Bankers time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

63. Wells Fargo failed to pay Plaintiff and New Mexico Class members compensation for all of their overtime hours worked over 40 in a workweek.

64. As part of its regular business practice, Wells Fargo has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the New Mexico Wage Laws.

65. Wells Fargo's policy and pattern or practice includes but is not limited to:

    A. Willfully misclassifying Plaintiff and other Senior Premier Bankers as exempt from the protections of federal and state overtime laws;

    B. Willfully failing to record all of the time that its employees, including Plaintiff and other Senior Premier Bankers, worked for the benefit of Wells Fargo;

    C. Willfully failing to keep payroll records as required by the FLSA and New Mexico Wage Laws; and

D.  Willfully failing to pay its employees, including Plaintiff and other Senior Premier Bankers, overtime wages for all of the overtime hours that they worked.

66. Wells Fargo was or should have been aware that that the federal and state wage and hour laws required Wells Fargo to pay its Senior Premier Bankers overtime compensation for all hours worked in excess of 40 per week.

67. Wells Fargo was aware, or should have been aware, that Plaintiff and other Senior Premier Bankers' primary duties were sales-related and non-discretionary tasks, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

68. Wells Fargo's failure to pay Plaintiff and other Senior Premier Bankers overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith. Wells Fargo did not ensure that its compensation practices with respect to Plaintiff and other Senior Premier Bankers complied with federal or state law.

69. Wells Fargo's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**

**FLSA – Overtime Wages**
**29 U.S.C. §§ 201,** *et seq.*
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff and members of the FLSA Collective are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

72. Wells Fargo employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

73. Plaintiff has expressed her consent to make these claims against Wells Fargo by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

74. Wells Fargo failed to make a good-faith effort to comply with the FLSA with

respect to its compensation to Plaintiff and the FLSA Collective.

75. Because Wells Fargo's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective have incurred damages thereby and Wells Fargo is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**New Mexico Minimum Wage Act – Overtime Wages**
**N.M. Stat. §§ 37-1-5, 50-4-22, 50-4-26**
**(Brought by Plaintiff Individually and on Behalf of the New Mexico Class)**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. New Mexico law requires employers, such as Wells Fargo, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek.

79. Plaintiff and New Mexico Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

80. At all relevant times, Plaintiff and New Mexico Class members worked in excess of 40 hours in a workweek.

81. At all relevant times, Wells Fargo failed and refused to pay Plaintiff and New Mexico Class members overtime compensation for all of their overtime hours worked.

82. As a direct and proximate result of Wells Fargo's unlawful conduct, as set forth herein, Plaintiff and New Mexico Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Wells Fargo in an amount to be established at trial, penalties pursuant to N.M. § 5-4-26, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, request the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. An award of damages, according to proof, including liquidated damages, to be paid by Wells Fargo;

C. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Wells Fargo from continuing its unlawful practices under the FLSA and/or a declaration that Wells Fargo's acts violate the FLSA;

D. A reasonable service award for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective and for the risks she took in doing so;

E. Costs of the action incurred herein;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-judgment interest, as provided by law;

H. Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff, individually and on behalf of the New Mexico Class, request the following relief:

A. Certification of this action as a class action on behalf of the New Mexico Class;

B. Designation of Plaintiff as Representative of the New Mexico Class she seeks to represent;

C. Designation of New Mexico Plaintiff's counsel of record as Class Counsel for the New Mexico Class;

|   |   |   |
|---|---|---|
| 1 | D. | Appropriate statutory penalties; |
| 2 | E. | An award of damages, liquidated damages, and restitution to be paid by Wells Fargo according to proof; |
| 4 | F. | Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Wells Fargo from continuing its unlawful practices under the New Mexico Minimum Wage law and/or a declaration that Wells Fargo's acts violate the New Mexico Minimum Wage law; |
| 8 | G. | A reasonable service award to compensate Plaintiff for the time she spent attempting to recover wages for New Mexico Class members and for the risks she took in doing so; |
| 11 | H. | Attorneys' fees and costs of suit; |
| 12 | I. | Prejudgment and post-judgment interest, as provided by law; and |
| 13 | J. | Such other relief as the Court may deem just and proper. |

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

\* \* \*

Dated: November 30, 2023
San Francisco, CA

Respectfully submitted,

By: /s/ Jahan C. Sagafi

Kaelyn Mahar (Cal. Bar No. 338257)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: kmahar@outtengolden.com

Michael J. Scimone*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-mail: mscimone@outtengolden.com
*Pro hac vice* motion forthcoming

*Attorneys for Plaintiff and the Proposed Class and Collective Members*

CLASS AND COLLECTIVE ACTION COMPLAINT