UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA PEREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No. 23-cv-06193-VC <br><br> **ORDER GRANTING MOTION TO TRANSFER VENUE** <br><br> Re: Dkt. No. 50 |

The defendants' motion to transfer the case to the Central District of California is granted.

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if it is "in the interest of justice" and "for the convenience of parties and witnesses." The moving party has the burden of showing that the case could have been brought in the transferor district and that convenience and fairness warrant transfer. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009). Several factors are to be considered when determining whether transfer is appropriate, including "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu*, 602 F.Supp.2d at 1156.

To understand why transfer is warranted here, the history of the case is relevant. The original complaint was brought by Perez in this district against a sole defendant, Wells Fargo

Bank, N.A. Perez resides and works in New Mexico and Wells Fargo Bank NA has its main office is South Dakota. So Wells Fargo Bank moved to transfer the case to the District of New Mexico. And the Court would have granted that motion. But Perez filed an amended complaint in response to the motion. The amended complaint added two new named plaintiffs—neither of whom resides or works in California—and Wells Fargo & Company as a defendant. The addition of Wells Fargo & Company was notable because it is headquartered in San Francisco. Then (and still before a ruling on the motion to transfer), the plaintiffs requested leave to file a second amended complaint to add another named plaintiff, this time one who resides and works in the Central District of California.

Given that the named plaintiffs all reside outside this district, and that this is a representative action, the plaintiffs' choice of forum warrants little weight. *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013). This is even more true because the original complaint obviously should have been filed in New Mexico, and the subsequent amendments to the complaint appear to represent a ham-fisted effort to keep the case in a district where it should not have originally been brought. As for the other factors, given the amendments to the complaint, California is now arguably a better venue than New Mexico. But as between the Northern and Central Districts of California, the Central District is far more appropriate. It will be more convenient for the witnesses and parties considering at least one named plaintiff lives and works there, whereas no named plaintiffs live or work here. The Central District is also equally as familiar with the nuances of the plaintiffs' California state law claims.

The plaintiffs contend that the percentage of Senior Premier Bankers in this district and the fact that Wells Fargo & Company is headquartered here support keeping the case in the Northern District. The plaintiffs point out that roughly 13% of all Senior Premier Bankers nationwide work in this district and slightly more California Senior Premier Bankers work in this district as compared to the Central District of California (39.1% in the Central District of California vs. 41% in the Northern District of California). But none of the named plaintiffs, nor

any opt-in plaintiffs, work or reside in this district. As for Wells Fargo & Company, the plaintiffs appear only to have added it as a defendant to salvage some connection to this district after the first motion to transfer venue was filed. While forum shopping is not per se inappropriate, there is a point at which efforts to venue a case in a particular judicial district become a little too unseemly.

The plaintiffs also raise an argument relating to *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017). They assert that transfer to the Central District of California could result in a court declining to exercise jurisdiction over out-of-state opt-in plaintiffs given the uncertainty surrounding *Bristol-Myers Squibb*'s application to FLSA cases. The plaintiffs assert that this would not be a problem in the Northern District because Wells Fargo & Company is subject to general personal jurisdiction here. But because personal jurisdiction is assessed on a state-wide basis, if the plaintiffs are correct that Wells Fargo & Company is "at home" in Northern California, it's equally true that the company is "at home" in Southern California. Thus, the plaintiffs' *Bristol-Myers Squibb* argument appears contrived.

The Clerk is ordered to transfer the case to the Central District of California.

**IT IS SO ORDERED.**

Dated: May 15, 2024

_____
VINCE CHHABRIA
United States District Judge